IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAISY V. S. T.**[1]

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

Civ. No. 3:20-cv-02091-CL

**OPINION AND ORDER**

---

MARK D. CLARKE, Magistrate Judge.

Plaintiff Daisy V. S. T. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for social security disability insurance benefits. Full consent to magistrate jurisdiction was entered on July 23, 2021 (Dkt. #16). The Commissioner concedes that this case should be remanded but asserts that further proceedings are necessary. For the reasons provided below, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

[2] The parties have consented to having a United States Magistrate Judge conduct any and all proceedings in this case pursuant to Fed. R. Civ. P. 73(b).

1 - Opinion and Order

## BACKGROUND

Plaintiff is a 42-year-old woman who alleges she is unable to work due to rheumatoid arthritis ("RA"), major depressive disorder, fibromyalgia ("FM"), and stomach pain. On November 11, 2015, Plaintiff protectively filed an application for disability insurance benefits, alleging disability beginning October 30, 2015. Tr. 199, 295, 202, 536. The claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared and testified at a hearing held on September 29, 2017. On June 14, 2018, the ALJ issued an unfavorable decision. Tr. 325-47.

Plaintiff appealed that decision to the Appeals Council. The Appeals Council remanded the decision on October 19, 2019. A second hearing was held on March 17, 2020. The ALJ issued a second decision on April 29, 2020, which also found Plaintiff not disabled. Tr. 221. Plaintiff appealed the second ALJ decision, and the Appeals Council denied review, making the second ALJ decision the final decision of the Commissioner. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving

significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

3 - Opinion and Order

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since October 30, 2015, the alleged onset date. Tr. 202.

2. The claimant has the following severe impairments: fibromyalgia, chronic pain, inflammatory arthritis, chronic fatigue, restless leg syndrome, major depressive disorder, anxiety disorder, and somatic symptom disorder. Tr. 202.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 202.

4. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant could stand and/or walk two hours in an eight-hour workday; the claimant could sit six hours in an eight-hour workday; the claimant could frequently push/pull with bilateral upper extremities, including operation of hand controls; the claimant could occasionally climb ramps and stairs; the claimant should not climb ladders, ropes, or scaffolds; the claimant could occasionally kneel, crouch, and crawl; the claimant could frequently reach, handle,

finger, and feel bilaterally; the claimant should avoid all exposure to hazards, such as moving mechanical parts, unprotected heights, and operating a motor vehicle; the claimant could understand and remember simple instructions; the claimant could make simple work related decisions; and the claimant has sufficient concentration, persistence, or pace to complete simple, routine tasks, no greater than reasoning level two, for a normal workday and workweek. Tr. 204-05.

5. The claimant is unable to perform any past relevant work. Tr. 219.

6. The claimant was born April 30, 1980, and was 35 years old, which is defines as a younger individual age 18-49, on the alleged disability onset date. Tr. 220.

7. The claimant has at least a high school education and is able to communicate in English. Tr. 220.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. Tr. 220.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. Tr. 220.

10. The claimant has not been under a disability, as defined in the Social Security Act, from October 30, 2015, though the date of this decision. Tr. 221.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's]

5 - Opinion and Order

conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

The Commissioner concedes that the ALJ erred in weighing the medical opinions from the state agency medical consultants when evaluating Plaintiff's residual functional capacity ("RFC"). The Commissioner asks this Court to remand for further proceedings to allow the ALJ to reevaluate the medical opinion evidence. However, Plaintiff asserts that the ALJ properly gave those opinions "significant weight," and the error was in how the ALJ incorporated those opinions into the RFC finding. Additionally, Plaintiff argues that the Commissioner's failure to substantively respond to Plaintiff's arguments regarding symptom testimony and lay witness testimony is an attempt to force Plaintiff to have to relitigate those issues in the future. Plaintiff asserts there are no outstanding issues to be resolved before a determination of disability can be made. Therefore, the only issue for the Court to determine is whether the case should be remanded for immediate calculations of benefits or remanded for further proceedings. For the reasons below, the case is remanded for further proceedings.

**I.      Legal Standard.**

Credit-as-true analysis is well settled, longstanding and binding on the district courts. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Smolen v Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under the credit-as-true rule, a reviewing court should remand for a finding of disability and award of benefits if: (1) The ALJ has failed to provide legally sufficient reasons for rejecting medical opinions or a claimant's testimony; (2) there are no outstanding issues to be resolved before a determination of disability can be made; and (3) the ALJ would be required to find the claimant disabled if the improperly rejected evidence were credited. *Smolen*, 80 F.3d at 1292. If the three-part test is met, the

7 - Opinion and Order

district court still may remand for further proceedings if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

**1) There are outstanding issues that need to be resolved with further proceedings.**

Even where the Commissioner concedes error, the Court must determine the ALJ's errors with specificity. In this case, the Commissioner concedes that the ALJ inadequately analyzed the state agency doctors' opinions. However, Plaintiff does not contest the ALJ's evaluation of the opinions. Instead, Plaintiff asserts that the ALJ erred in how she incorporated the opinions into Plaintiff's RFC determination. According to Dr. Kaper's opinion, which was given significant weight, Plaintiff has an inability to sustain even simple, routine tasks with one to two steps. Tr. 322. Yet, under the ALJ's RFC, Plaintiff can. This may be because there are inconsistencies within Dr. Kaper's opinion that require reconciliation. Although Dr. Kaper opined that the overall impact of Plaintiff's pain, fatigue, and depression causes her to be unable to sustain simple one to two step tasks, right above that notation the doctor states that Plaintiff is not significantly limited in her ability to complete a normal workday. Tr. 322. Therefore, because the ALJ gave Dr. Kaper's opinion significant weight, the ALJ should have either adopted all the limitations set out in Dr. Kaper's opinion or explained why he left limitations out of the RFC.

The ALJ also gave Dr. Ju's opinion significant weight. Unlike Dr. Kaper, however, Dr. Ju opined that Plaintiff could carry out and maintain concentration for one to two step tasks. Tr. 305, 306. Because the ALJ gave both Dr. Kaper's and Dr. Ju's opinions significant weight, but failed to reconcile these inconsistent findings, the Court finds that further administrative proceedings are necessary. Due to the contradicting limitations in the two opinions, the Court cannot determine with certainty whether Plaintiff would be found disabled if the opinions were credited as true.

### 2) The ALJ erred in her treatment of Plaintiff's testimony regarding her TMS treatments.

The Court finds that the ALJ erred in his treatment of Plaintiff's subjective symptom testimony related to her transcranial magnetic stimulation ("TMS") treatments for depressive disorder. Plaintiff need not relitigate this issue on remand.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Here, the ALJ found that Plaintiff's testimony regarding the frequency of her TMS treatments was inconsistent with the medical record. Tr. 214-15. Specifically, the ALJ stated that Plaintiff testified that her TMS treatments consisted of "about 36 sessions of *each set* of TMS treatment." Tr. 214 (emphasis added). The ALJ mischaracterized Plaintiff's testimony. At the time of Plaintiff's testimony at the first hearing, she had undergone only one course of TMS treatment, consisting of 36 sessions administered from April 24, 2017, through July 10, 2017. Tr. 3096-97, 2513. Therefore, Plaintiff testified at the first hearing that her TMS treatment consisted of 36 sessions that were administered five times a week with each session lasting one hour. Tr. 214. At the second hearing held almost three years later, Plaintiff testified that at the

9 - Opinion and Order

beginning of her treatments she went every day for a month, and then the frequency changed depending on how she was feeling. Tr. 278-79. This testimony is consistent with the medical record. Tr. 3065. Plaintiff did not testify that each set of TMS treatments consisted of 36 sessions, just the first one.

The ALJ also rejected Plaintiff's testimony regarding her TMS treatments on the grounds that she could do the treatments before or after work, finding that there was no evidence to suggest that "this could not be done during hours that do not conflict with a regular work schedule." Tr. 214. This reasoning from the ALJ amounts to improper speculation. According to the social security regulations, "[r]easonable inferences may be drawn, but presumptions, speculations, and suppositions should not be substituted for evidence." SSR 86-8p. Plaintiff submitted evidence from the Procedural Psychiatry Clinic at Kaiser, the location where Plaintiff receives her TMS treatments, which states, "hours are Monday through Friday 8:30am to 5:00pm last appointment scheduled at 4:00pm." Tr. 195. Therefore, the ALJ improperly substituted her own speculation as to when Plaintiff could receive treatments for record evidence.

To the extent the ALJ used Plaintiff's TMS treatment testimony to reject her allegations concerning the severity of her symptoms, the ALJ committed harmful error.

**3) The ALJ rejected lay witness testimony on improper grounds.**

The Court finds that the ALJ improperly rejected witness testimony from Plaintiff's husband, Mr. Tada. Plaintiff need not relitigate this issue on remand.

An ALJ must consider nonmedical evidence by individuals with knowledge of the claimant's functioning. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974–75 (9th Cir.2000). An ALJ may discount lay testimony "by providing 'reasons that are germane to each

witness.'" *Greger v. Barnhart,* 464 F .3d 968, 972 (9th Cir.2006)(quoting *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993)).

In this case, Plaintiff's husband testified at the first hearing that he could no longer rely on his wife for daily chores around the house since she is "unable to stand for long periods of time and vacuum," unable to wash dishes due to "pain in her hands and wrists." Tr. 635. Mr. Tada testified that when Plaintiff is at her worst, he has had to prepare food for both Plaintiff and their children. Tr. 635. At the second hearing in 2020, Mr. Tada stated that Plaintiff was unable to help with everyday tasks such as cleaning, cooking, grocery shopping, or caring for their children. Tr. 681. Mr. Tada also testified that the side effects of Plaintiff's medication made it hard for her to get out of bed and made her incapable of driving. Tr. 681. In consideration of this testimony, the ALJ stated,

> By virtue of his relationship with the claimant, the witness cannot be considered disinterested third party witness whose testimony would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges. Most importantly, significant weight cannot be given to his testimony because it is not consistent with the preponderance of the opinions and medical evidence in the case.

Tr. 219. Rejecting lay witness testimony on the basis that the witness has a personal relationship with the Plaintiff is legal error. *See Sprague v. Bowen,* 812 F.2d 1226, 1289 (9th Cir.1987) (explaining that allowing an ALJ to discount lay testimony because the witness "has a personal relationship" with the claimant would render nearly all lay testimony incredible). Lack of medical expertise is also not a sufficient reason for discounting lay witness testimony. Permitting an ALJ to discount lay testimony for the reason that the witness is a lay person would render lay witness testimony pointless. The ALJ is required to consider all non-medical evidence by individuals with knowledge of the claimant's functioning. Because Mr. Tada was in a position to

observe Plaintiff's symptoms and daily activities, he was competent to testify as to her abilities and the limiting effects of her impairments. The ALJ erred in discrediting this testimony on the basis of his relationship with the Plaintiff and because he is not a medical professional.

## ORDER

The decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings. On remand, the Appeals Council shall instruct the ALJ to reevaluate the medical opinion evidence and proceed with the sequential evaluation process in light of the findings in this opinion. The ALJ should further develop the record, offer Plaintiff the opportunity for a new hearing, and issue a new decision regarding Plaintiff's disability through the date last insured.

IT IS SO ORDERED.

DATED this 18 day of May, 2022.

_____
MARK D. CLARKE
United States Magistrate Judge