IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAISY V. S. T.,[1]

               Plaintiff,

    v.

COMMISSIONER, Social Security
Administration,

               Defendant.

Case No. 3:20-cv-02091-CL

**OPINION AND ORDER**

**CLARKE**, United States Magistrate Judge:

      Plaintiff Daisy V. S. T. sought judicial review of the final decision of the Commissioner

of the Social Security Administration (the "Commissioner") denying her application for

disability insurance benefits under Title II of the Social Security Act (the "Act"). In May 2022,

this Court reversed and remanded the Commissioner's decision for further proceedings. *See* May

18, 2022 Op. & Order, ECF No. 22 ("O&O"). Plaintiff now moves for an award of attorney fees

---

[1] In the interest of privacy, the Court uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"), in the amount of

$12,998.42. Pl.'s Mot. for EAJA Fees, ECF No. 24 ("Pl.'s Mot."). Plaintiff also seeks

reimbursement for mailing expenses in the amount of $10.00. *Id.* at 2. The Commissioner

opposes the motion. Def.'s Resp., ECF No. 29. All parties have consented to allow a Magistrate

Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil

Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 16. For the reasons that follow, Plaintiff's

application for EAJA fees (ECF No. 24) is GRANTED.

## STANDARD OF REVIEW

A party who prevails against the United States in a civil action is entitled, in certain

circumstances, to an award of attorney fees and costs pursuant to the EAJA. 28 U.S.C. § 2412.

Under the EAJA, a court may award attorney fees and costs to a plaintiff's attorney in an action

against the United States or any agency or official of the United States if:

> (1) the plaintiff is the prevailing party, (2) the government has not
> met its burden to show that its positions were substantially justified
> or that special circumstances make an award unjust, and (3) the
> requested attorney's fees and costs are reasonable.

*Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)).

A "prevailing party" is one who has been awarded relief by the court on the merits of at

least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). A prevailing plaintiff

is not entitled to attorney fees under the EAJA when the Commissioner's positions were

substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Substantial

justification means "justified in substance or in the main – that is, justified to a degree that could

satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citation

omitted). "Put differently, the government's position must have a 'reasonable basis both in law

and fact.'" *Id.* (citation omitted). An award of attorney fees under the EAJA must also be

reasonable. 28 U.S.C. § 2412(d)(2)(A).

## DISCUSSION

### I.   Reasonableness

Plaintiff seeks attorney fees in the amount of $12,998.42, which represents a total of 59.9

hours of litigating the merits of Plaintiff's appeal and preparing the fee award application.

Declaration of Nancy J. Meserow, ECF No. 25 ("Meserow Decl."). The Commissioner opposes

Plaintiff's application on the sole ground that Plaintiff's requested hours are not reasonable.

Def.'s Resp. 1–2, ECF No. 29.

As noted, an award of attorney fees pursuant to the EAJA must be reasonable. 28 U.S.C.

§ 2412(d)(2)(A); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir.

2012). A district court has an independent duty to review the fee request to determine

reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*,

534 F.3d 1106, 1111 (9th Cir. 2008); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

In deciding fee petitions, a court must determine the reasonable number of hours expended by

counsel, and counsel's reasonable hourly rate. *Hensley*, 461 U.S. at 434. The fee applicant bears

the burden of documenting the hours expended and must submit evidence in support of the hours

worked. *Gates*, 987 F.2d at 1397. The opposing party then has the burden of rebuttal which

requires submission of evidence to challenge the accuracy and reasonableness of the hours

charged. *Id.* at 1397–98. Where documentation is inadequate, the court may reduce the requested

award. *Hensley*, 461 U.S. at 433–34. A court may also allow a party seeking attorney fees to

amend its billing statements. *See, e.g., Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir.

2000); *Yeager v. Bowlin*, 495 Fed. App'x 780, 783 (9th Cir. 2012).

A court may not apply a *de facto* cap on the number of hours for which an attorney can

be compensated under the EAJA in social security disability appeals. *Costa*, 690 F.3d at 1136. In

other words, social security appeals must be considered on an individual basis. *Id.* A critical

factor in evaluating the reasonableness of the EAJA request is the "degree of success attained."

*Id.* Although deference should generally be given to the winning lawyer's professional judgment,

"a district court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the

exercise of its discretion and without more specific explanation." *Id.* (quoting *Moreno*, 534 F.3d

at 1112). A specific explanation is required, however, "where the district court . . . cut[s] the

number of hours by twenty to twenty-five percent." *Id.*

The Commissioner argues that this Court should reduce Plaintiff's request by 8.5 hours

because "Plaintiff's attorney spent those hours arguing for a remedy in Plaintiff's reply brief that

this Court declined to award." Def.'s Resp. 1–2, ECF No. 29. In her reply brief, Plaintiff asked

the Court "to remand the case for payment of benefits, or for further proceedings[.]" Pl.'s Reply

16, ECF No. 21. The Commissioner emphasizes that Plaintiff rejected the Commissioner's

settlement offer to remand for further proceedings. Def.'s Resp. 4, ECF No. 29. Plaintiff argues

that her opposition to the Commissioner's settlement offer, and subsequent filing of a reply brief,

resulted in a decision that "advanced [Plaintiff's] position more than the terms offered by the

Commissioner." Pl.'s Reply 6, ECF No. 30.

Here, the Court concludes that the total number of hours spent by Plaintiff's counsel,

including the time spent drafting Plaintiff's reply brief, was reasonable. Although this Court

remanded for further proceedings, Plaintiff requested and ultimately obtained relief that reached

beyond the Commissioner's settlement offer. As such, Plaintiff's counsel is entitled to the full

amount requested.

## II.    Mailing Expenses

Plaintiff seeks reimbursement for mailing expenses in the amount of $10.00. Pl.'s Mot. 2, ECF No. 24. Counsel's expenses may be reimbursed pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B). To recover expenses related to an action, an attorney seeking an award of expenses shall "submit to the court an application for fees and other expenses . . . including an itemized statement." *Id.* Such expenses can include mailing expenses. *See, e.g., Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (affirming a district court's award of costs under the EAJA that included "costs for telephone calls, postage, air courier and attorney travel expenses"); *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 12 (2d Cir. 1986) (holding that "telephone, postage, travel and photocopying costs . . . are reimbursable under the EAJA as reasonable 'fees and other expenses'"). Here, Plaintiff's counsel has represented to the Court that counsel spent $10.00 on mailing expenses. While the Court has no reason to doubt counsel's representations, the Court advises Plaintiff's counsel to submit evidence supporting the amount sought for mailing expenses in future applications. Plaintiff's request for reimbursement of mailing expenses in the amount of $10.00 is granted.

**ORDER**

For the reasons set forth above, Plaintiff's application for EAJA fees (ECF No. 24) is GRANTED in the amount of $13,008.42.

IT IS SO ORDERED and DATED this 1st day of November, 2022.

MARK D. CLARKE
United States Magistrate Judge